UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:21-mc-23103-BLOOM

CASA EXPRESS CORP, as Trustee of
CASA EXPRESS TRUST,

       Judgment Creditor,

v.

BOLIVARIAN REPUBLIC OF
VENEZUELA,

       Judgment Debtor.
_____/

CASA EXPRESS CORP, as Trustee of
CASA EXPRESS TRUST,

       Plaintiff,

v.

POSH 8 DYNAMIC INC., et al.

       Impleaded Defendants.
_____/

**JUDGMENT CREDITOR'S REPLY TO IMPLEADED DEFENDANTS'
MEMORANDUM IN OPPOSITION TO THE MOTION TO COMMENCE
PROCEEDINGS SUPPLEMENTARY, TO IMPLEAD DEFENDANTS,
AND FOR ISSUANCE OF STATUTORY NOTICES TO APPEAR**

    Plaintiff and Judgment Creditor, Casa Express Corp, as Trustee of Casa Express Trust ("Casa Express"), replies to the Memorandum in Opposition to the *Ex Parte* Expedited Motion to Commence Proceedings Supplementary, to Implead Defendants, and for Issuance of Statutory Notices to Appear, [ECF No. 33] (the "Memorandum"), filed by the Impleaded Defendants, Posh 8 Dynamic Inc., Planet 2 Reaching Inc., RIM Group Investments Inc., RIM Group Investments I Inc., RIM Group Investments II Inc., RIM Group Investments III Inc. (collectively, "Impleaded Defendants").

**MEMORANDUM OF LAW**

Casa Express submits this reply brief out of an abundance of caution. Despite having 48 days[1] to draft a response to the Notices to Appear, the Impleaded Defendants filed a procedurally and substantively flawed Memorandum that seeks as sole relief denial of the *Ex Parte* Expedited Motion to Commence Proceedings Supplementary, to Implead Defendants, and for Issuance of Statutory Notices to Appear [ECF No. 3] ("Motion")—a Motion this Court granted nearly two months ago. *See* [ECF No. 4].

Needless to say, Casa Express is under no obligation to file a reply in further support of the Motion since it has been conclusively adjudicated, and any additional briefing (including the Memorandum) is rendered moot. *See Kaplan v. Daimlerchrysler,* No. 299CV493, 2002 WL 32151668, at *2 (M.D. Fla. Mar. 27, 2002) (holding that "issues previously decided in earlier motions" were rendered moot); *see also Walker v. Trung Van Le*, No. 3:12-CV-450-J-32MCR, 2015 WL 13642253, at *4 (M.D. Fla. July 17, 2015) ("[T]he Reply was moot as the issues had already been decided.").

On Page 1 of the Memorandum, the Impleaded Defendants recognize that they are **not** seeking dismissal of this proceeding in a baseless[2] attempt to reserve the right to "seek leave" to

---

[1] The Impleaded Defendants were required "to serve an affidavit **no later than seven (7) business days from the date of service from this Notice** stating why the real properties should not be applied towards the satisfaction of the judgment." *See, e.g.* [ECF No. 8] at 1 (emphasis in original). As a professional courtesy to them, Casa Express agreed to two separate requests for extensions of time, and did not object to their request to exceed the 20-page limit prescribed by the Local Rules. [ECF Nos. 18, 22, 36].

[2] The Federal Rules of Civil Procedure provide that a Rule 12 motion must be filed *before* any responsive pleading. *See* Fed. R. Civ. P. 12 ("A motion asserting any of these [Rule 12] defenses must be made before pleading if a responsive pleading is allowed"); *see also Zo Skin Health, Inc. v. Salz*, No. 14-CIV-21376, 2014 WL 4185385, at *1 (S.D. Fla. Aug. 22, 2014) (holding that Rule 12 Motion filed after a responsive pleading was "untimely, and must be denied").

file a Rule 12 motion at a later date. *See* [ECF No. 33] at n. 1. Yet the Memorandum is inexplicably filled with language that purports to seek dismissal of this action. *See, e.g., id.* at 27 ("Without a valid cause of action, the Motion should be dismissed"); *id.* at 30 ("The Motion should be dismissed for failure to join an indispensable party"); *id.* at 32 ("[T]he Motion should be dismissed for failure to comply with the statutory requirement"). Naturally, Casa Express is also not required to file a response in opposition to a non-existing motion to dismiss.

Despite the Impleaded Defendants' apparent confusion, the Memorandum is actually their responsive pleading (i.e. Answer) to the Notices to Appear.[3] Indeed, the post-judgment proceedings supplementary statute provides that:

> A responding affidavit *must* raise any fact or defense opposing application of the property described in the Notice to Appear to satisfy the judgment, including legal defenses, such as lack of personal jurisdiction. Legal defenses need not be filed under oath but must be served contemporaneously with the affidavit.

§ 56.29(2), Fla. Stat. (emphasis added). Here, the Impleaded Defendants filed an affidavit, through their legal representative, which does not include any factual defenses and adopts the legal defenses asserted in the Memorandum. *See* [ECF No. 33-1] ¶ 11 (adopting the legal defenses asserted in the Memorandum, and purporting to adopt waived factual defenses not included in the affidavit).

Overall, the Memorandum manifests a profound misunderstanding of Florida's supplementary proceedings, the constructive trust doctrine, the Foreign Sovereign Immunities Act, the Federal Rules of Civil Procedure, and other applicable law. But most critically, the Memorandum admits that the eight real properties, which Casa Express seeks to satisfy its

---

[3] Casa Express reserves the right to move for entry of default against the Impleaded Defendants if they challenge this interpretation of the Memorandum.

judgment against, are property of the Judgment Debtor, the Bolivarian Republic of Venezuela ("Venezuela" or "Republic"):

> **"The Motion . . . fails to establish jurisdiction . . . to seek execution against property of the Republic[.]"** [ECF No. 33] at 11.
>
> **"Casa Express's constructive trust theory . . . does not survive the sovereign immunity applicable to Venezuela's assets[.]"** *Id*.
>
> **"Florida [law] conditions jurisdiction to enforce a constructive trust upon having jurisdiction over the property owner—here Venezuela."** *Id*. at 29.

In light of this, Casa Express reserves the right to seek appropriate relief in due course including a motion for judgment on the pleadings and summary judgment after Venezuela has been served with process.

Dated: November 11, 2021                                            Respectfully submitted,

**GAMARDO, P.A.**
1200 Brickell Avenue, Suite 750
Miami, Florida 33131
Tel: (305)542-6626

/s/ *Andres Gamardo*
Andres Gamardo, Esq.
Florida Bar No.: 1021165
Email: agamardo@gamardolaw.com
Secondary: eservice@gamardolaw.com
*Attorney for Casa Express Corp, as Trustee Of Casa Express Trust*

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 11, 2021, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system.

                                                           By: /s/ *Andres Gamardo*
                                                                Andres Gamardo, Esq.