**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 21-mc-23103-BLOOM**

CASA EXPRESS CORP, *as Trustee of Casa Express Trust*,

Judgement Creditor,

v.

BOLIVARIAN REPUBLIC OF VENEZUELA,

Judgment Debtor.
_________________________________________/

**ORDER ON MOTION FOR AUTHORIZATION TO SERVE JUDGMENT DEBTOR BOLIVARIAN REPUBLIC OF VENEZUELA VIA DIPLOMATIC CHANNELS**

**THIS CAUSE** is before the Court upon Plaintiff and Judgment Creditor's ("Plaintiff" or "Casa Express") Motion for Authorization to Serve Judgment Debtor Bolivarian Republic of Venezuela via Diplomatic Channels Pursuant to 28 U.S.C. § 1608(a)(4), and Request for Issuance of Summons, ECF No. [32] ("Motion"). The Court has carefully considered the Motion, all supporting submissions, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is granted.

"The FSIA provides the sole means for effecting service of process on a foreign state." *Harrison v. Republic of Sudan*, 802 F.3d 399, 403 (2d Cir. 2015), *rev'd on other grounds*, 139 S. Ct. 1048 (2019); *see* H.R. Rep. No. 94-1487, at 23 (1976), 1976 U.S.C.C.A.N. 6604, 6622 ("Section 1608 sets forth the exclusive procedures with respect to service on . . . a foreign state . . . ."). Section 1608(a) "prescribes four methods of service—in descending order of preference—and a plaintiff must attempt service by the first method (or determine that it is unavailable) before

proceeding to the second method, and so on." *Angellino v. Royal Fam. Al-Saud*, 688 F.3d 771, 773 (D.C. Cir. 2012) (internal quotations omitted).

In this case, Plaintiff has determined that the only method available to serve the Judgment Debtor, Bolivarian Republic of Venezuela ("Venezuela"), is via diplomatic channels pursuant to 28 U.S.C. § 1608(a)(4). Venezuela has stated that three of the four possible methods of service under the FSIA are unavailable and that "[t]he only method of service currently available against the Republic is set forth in § 1608(a)(4), which allows for service through diplomatic channels." *Lovati et al. v. Bolivarian Republic of Venezuela*, No. 19- cv-4796-ALC (S.D.N.Y. Mar. 13, 2020); ECF No. [32-1] at 25. As such, Casa Express is authorized to serve Venezuela through diplomatic channels pursuant to 28 U.S.C. § 1608(a)(4).

The Court recognizes that Section 1608 "mandate[s] strict adherence to its terms, not merely substantial compliance." *Finamar Investors Inc. v. Republic of Tadjikistan*, 889 F. Supp. 114, 117 (S.D.N.Y. 1995). Section 1608(a)(4) provides that service on a foreign state shall be made:

> [B]y sending two copies of the summons and complaint and a notice of suit, together with a translation of each into the official language of the foreign state, by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the Secretary of State in Washington, District of Columbia, to the attention of the Director of Special Consular Services—and the Secretary shall transmit one copy of the papers through diplomatic channels to the foreign state and shall send to the clerk of the court a certified copy of the diplomatic note indicating when the papers were transmitted.

28 U.S.C. § 1608(a)(4).

In this post-judgment supplementary proceeding, there is no "complaint" and a summons has not been issued to Venezuela. It is well-established that the motion to commence proceedings supplementary, albeit not a complaint, is considered the "initial pleading" in post-judgment actions. *See, e.g., GS2 Corp. v. Bellemead Marina Del Rey Corp.*, No. CV 17-22303-CIV, 2018

WL 1859345, at *2 (S.D. Fla. Jan. 5, 2018). Therefore, service of the *Ex Parte* Expedited Motion to Commence Proceedings Supplementary, To Implead Defendants, and For Issuance of Statutory Notices to Appear, ECF No. [3] ("Motion to Commence Proceedings Supplementary"), shall be considered the equivalent of a complaint for purposes of effecting service on Venezuela through diplomatic channels.

In addition, the Clerk of Court shall issue a summons to Venezuela in the form proposed by Exhibit B to the Motion, ECF No. [32-2], providing that Venezuela shall have sixty days after service has been effected to file an answer or other responsive pleading to the Motion to Commence Proceedings Supplementary.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Motion, **ECF No. [32]**, is **GRANTED**.
2. Casa Express is authorized to serve Venezuela through diplomatic channels pursuant to 28 U.S.C. § 1608(a)(4).
3. The Motion to Commence Proceedings Supplementary, ECF No. [3], shall be considered the equivalent of a complaint for purposes of effecting service on Venezuela through diplomatic channels.
4. The Clerk of Court is directed to issue a summons to Venezuela in the form proposed by Exhibit B to the Motion, **ECF No. [32-2]**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on November 17, 2021.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Case No. 21-mc-23103-BLOOM

Copies to:

Counsel of Record

4