UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:21-mc-23103-BLOOM

CASA EXPRESS CORP, as Trustee of
CASA EXPRESS TRUST,

      Judgment Creditor,
v.

BOLIVARIAN REPUBLIC OF
VENEZUELA,

      Judgment Debtor.
_____/

CASA EXPRESS CORP, as Trustee of
CASA EXPRESS TRUST,

      Plaintiff,
v.

RAUL GORRIN BELISARIO, et al.

      Impleaded Defendants.
_____/

**JUDGMENT CREDITOR'S MOTION FOR LEAVE TO AMEND BY
INTERLINEATION THE *EX PARTE* EXPEDITED MOTION TO COMMENCE
PROCEEDINGS SUPPLEMENTARY, TO IMPLEAD DEFENDANTS,
<u>AND FOR ISSUANCE OF STATUTORY NOTICES TO APPEAR</u>**

Plaintiff and Judgment Creditor Casa Express Corp, as Trustee of Casa Express Trust ("Casa Express"), moves for leave to amend by interlineation the *Ex Parte* Expedited Motion to Commence Proceedings Supplementary, to Implead Defendants, and for Issuance of Statutory Notices to Appear [ECF No. 3] ("Motion to Commence Proceedings Supplementary") in the form proposed by **Exhibit A** (the "Proposed Amendment") pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, and Southern District of Florida Local Rule 15.1.

1

## MEMORANDUM OF LAW

Casa Express seeks leave to amend its initial pleading[1] for three reasons.

First, the Proposed Amendment seeks to incorporate certain jurisdictional allegations that are necessary to effect service of process on Impleaded Defendant Raul Gorrin Belisario ("Gorrin") via the Florida Secretary of State.

Second, the Proposed Amendment seeks to implead[2] former National Treasurer of Venezuela, Claudia Patricia Diaz Guillen ("Diaz"), who was a key participant in the foreign currency exchange scheme that allowed Gorrin to misappropriate hundreds of millions of dollars from Venezuela. She was recently extradited from Spain to the United States.

Third, the Proposed Amendment seeks to incorporate allegations that thoroughly explain how the parties that participated in the foreign currency exchange scheme were unjustly enriched at the expense of Venezuela.

As explained below, the Court should grant leave to amend because there is no substantial justification to deny the amendment.

## I.   LEGAL STANDARD

Leave to amend shall be freely granted "when justice so requires." FED. R. CIV. P. 15(a)(2). "The decision whether to grant leave to amend a complaint is within the sole discretion of the district court." *Laurie v. Ala. Ct. of Criminal Appeals*, 256 F.3d 1266, 1274 (11th Cir. 2001). "Rule 15(a), however, limits the court's discretion by mandating that 'leave shall be freely given when justice so requires.'" *Id.* (internal citation omitted). As a result, leave to amend should generally

---

[1]  As the Court has recognized, the Motion to Commence Proceedings Supplementary is the "initial pleading" in this post-judgment proceeding. [ECF No. 38 at 3].

[2]  If leave to amend by interlineation is granted, Casa Express will file a proposed Notice to Appear to Diaz in accordance with Fla. Stat. § 56.29(2).

2

be granted unless there is a substantial justification to deny the motion, such as "undue delay, bad faith, dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

## II.   ARGUMENT

The Court should grant leave to amend by interlineation because there is no substantial justification to deny the amendment. Indeed, this is Casa Express's first request for leave to amend which is being made in good faith and not for the purpose of delay. None of the parties would be prejudiced by the amendment because the case is still in the pleading stage.

Moreover, the Proposed Amendment is not futile. It seeks to incorporate allegations that would allow Casa Express to effect service of process on Gorrin pursuant to Fla. Stat. § 48.181. It seeks to add Diaz—a key participant in the foreign currency exchange scheme that allowed Gorrin to misappropriate Venezuelan funds—as a named impleaded Defendant to the proceeding. And it seeks to incorporate allegations that thoroughly explain how the parties that participated in the foreign currency exchange scheme were unjustly enriched at the expense of Venezuela.

Accordingly, the Court should grant the Motion because there is no substantial justification to deny the amendment.

### a.   The Proposed Amendment is necessary to effect service of process on Gorrin.

Despite its best efforts, Casa Express has not been able to serve Gorrin. Section 48.181, Florida Statutes, provides a method of substituted service that authorizes the Florida Secretary of State to accept service on behalf of non-residents (or residents concealing their whereabouts) who have engaged in a business venture within the State of Florida if the claim "aris[es] out of any

transaction or operation connected with or incidental to the business or business venture[.]" § 48.181(1), Fla. Stat.

To effect valid substituted service via the Secretary of State, plaintiffs must sufficiently allege that the defendant "operated, conducted, engaged in, or carried on a business or business venture in this state." *Labbee v. Harrington*, 913 So. 2d 679, 682 (Fla. 3d DCA 2005) (citing § 48.181 Fla. Stat.). It is well-established that purchasing real estate to rent and to sell for economic gain is a business venture under the statute. *Id*. at 683. Here, the Proposed Amendment seeks to incorporate allegations directly tailored at satisfying the pleading requirement of Fla. Stat. § 48.181.

Specifically, the Proposed Amendment seeks to incorporate the following allegations to the Statement of Facts relating to Gorrin's real estate venture in the State of Florida:

> 34. At all material times, Gorrin operated, conducted, engaged in, or carried on a business or venture in Florida. Specifically, Gorrin (through shell entities) rented the real properties that were purchased with misappropriated Venezuelan funds to generate monthly cashflow and listed them for sale at higher prices than acquired for the purpose of realizing a profit. *See* Public Records Listings of Venezuelan Properties attached hereto as **Composite Exhibit 1**[3].
>
> 35. Gorrin managed the real estate venture as a resident of the State of Florida. *See* Ex. I, at ¶ 2 (providing that Gorrin "was a resident of the United States, having maintained a residence in Coral Gables, Florida"). He subsequently became a nonresident of the state by actively concealing his whereabouts.
>
> 36. Indeed, Gorrin is considered a "most wanted fugitive" who "escape[d] from justice." *See* U.S. Immigration and Customs Enforcement, January 15, 2020, Press Release https://www.ice.gov/news/releases/venezuelan-attorneyandbus-ineessman-added-ice-mostwante-d-list-conspiracy-violate (last accessed, January 23, 2022) attached hereto as **Exhibit 2.**

---

[3]   For clarity purposes, Casa Express used numbers to label the three exhibits that would be incorporated by interlineation if leave to amend is granted.



37. As recent as January 19, 2022, the U.S. Department of Homeland Security Investigation tweeted requesting information about Gorrin's whereabouts. *See* **Exhibit 3.**

38. Alternatively, Gorrin managed the real estate venture as a non-resident of the State of Florida.

Ex. A, at ¶¶ 34-38.

Accordingly, the Court should grant leave to amend by interlineation because the Proposed Amendment would not be futile and there is no other substantial justification to deny the amendment.

> **b. Diaz should be impleaded because she was a key participant in the foreign currency exchange scheme that allowed Gorrin to misappropriate Venezuelan funds.**

The Proposed Amendment seeks to add Diaz as a named impleaded defendant to this proceeding. Courts may generally add parties via interlineation as long as the allegations against that party "relate directly to the gravamen of plaintiff's [initial pleading.]" *Smith v. Thornburg*, No. 2:05-CV-00034-JCH, 2005 WL 1801631, at *2 (E.D. Mo. July 29, 2005).

Here, the allegations in the Proposed Amendment against Diaz directly relate to the gravamen of the Motion to Commence Proceedings Supplementary. Indeed, the Motion to Commence Proceedings Supplementary explains that Diaz was a key participant in the foreign

5

currency exchange scheme which allowed Gorrin to misappropriate hundreds of millions of dollars from Venezuela. *See e.g.*, [ECF No. 3] at ¶ 19 ("When Andrade stepped down as National Treasurer, he introduced Gorrin to his successor, [Diaz], to ensure that the illicit currency exchange scheme continued, undeterred"); *id.*, at ¶ 20 ("The United States government federally indicted Diaz . . . for [her] participation in the above scheme."). As such, the Court should allow Casa Express to implead Diaz via interlineation because, as shown below, the allegations against her directly relate to the gravamen of the Motion to Commence Proceedings Supplementary.

Specifically, the Proposed Amendment seeks to incorporate via interlineation the following allegations to the Statement of Facts:

> 20. As the Venezuelan National Treasurer, Diaz had a confidential relationship with Venezuela, which charged her with fiduciary obligations to administer and protect the sovereign funds deposited in ONT accounts. *See* Ley Organica de la Administracion Financiera del Sector Publico Sobre el Sistema de Tesoreria (Organic Law of the Financial Administration in the Public Sector Over the Treasury System), as published in Official Gazette of the Bolivarian Republic of Venezuela No. 38.433, at Article 10(5), (12).
>
> 21. Diaz breached her fiduciary duties to Venezuela when she accepted bribes from Gorrin (including payments made through her husband for her benefit), which permitted him (and other regime insiders) to misappropriate billions of dollars from Venezuela through the foreign currency exchange scheme.
>
> 22. The breaches of fiduciary duty committed by Diaz and Andrade directly and proximately caused damages to Venezuela.
>
> 23. The United States government federally indicted Diaz and her husband in the District Court for the Southern District of Florida for their participation in the above scheme. *See* Ex. H; *see also* Superseding Indictment attached as **Exhibit I**. Diaz has been recently extradited to the United States from Spain.[5]

---

[5] This sentence previously stated that "Diaz and her husband are currently under house arrest in Spain." *See* [ECF No. 3] at ¶ 20. It has been revised to reflect Diaz's recent extradition to the United States.

*Id*. at ¶¶ 20-23. It also seeks to incorporate the allegations that are underlined below in Page 13 of the Motion to Commence Proceedings Supplementary:

> In this case, Andrade and Diaz made an express promise, as the National Treasurers of Venezuela, to manage the ONT, which is charged with the fiduciary responsibility to administer and protect Venezuelan funds deposited in ONT accounts. *See* Ley Organica de la Administracion Financiera del Sector Publico Sobre el Sistema de Tesoreria (Organic Law of the Financial Administration in the Public Sector Over the Treasury System), as published in Official Gazette of the Bolivarian Republic of Venezuela No. 38.433, at Article 10(5), (12); Ex. B; Andrade Proffer, at ¶ 4-6.
>
> Moreover, Venezuela entrusted Andrade and Diaz by granting them access to sovereign funds deposited in ONT accounts in reliance of their express promise. Ex. B.; Andrade Proffer, at ¶ 3. Andrade and Diaz, as the National Treasurers, were in a confidential relationship with Venezuela because they acted as "an official of the government and a department and agency of the Venezuelan government." Andrade Proffer, at ¶ 3. In breach of their express promise, and fiduciary obligations, Andrade and Diaz accepted "over 1 billion dollars" in bribes from Gorrin (and other regime insiders), which permitted them to misappropriate Venezuelan funds at the government preferential rate with impunity. Ex. B; Ex. E; Andrade Proffer, at ¶ 7. Through this scheme, Gorrin, Diaz, and Andrade were unjustly enriched at the expense of Venezuela. Ex. B.
>
> Indeed, Venezuela conferred a benefit to Andrade and Diaz by appointing them as National Treasurers, which charged them with the fiduciary responsibility to administer and protect sovereign funds deposited in ONT accounts. Andrade and Diaz knowingly and voluntarily accepted the benefit and served as National Treasurers gaining access to ONT accounts. But Andrade and Diaz breached their fiduciary obligations by utilizing their official positions for their own pecuniary gain.
>
> Specifically, Andrade and Diaz accepted and retained bribes from Gorrin (derived from sovereign funds), and allowed him to conduct illicit foreign currency exchange transactions with the sovereign funds deposited in ONT accounts at the expense of Venezuela. It would be inequitable and unjust to allow Andrade and Diaz to retain the misappropriated Venezuelan funds (or the properties that were purchased with those funds).

> As the National Treasurers of Venezuela, Andrade and Diaz conferred a benefit to Gorrin by allowing him to conduct illicit foreign currency exchange transactions with the sovereign funds deposited in ONT accounts. Gorrin knowingly and voluntarily accepted the benefit and participated in the illicit foreign currency exchange scheme. Gorrin misappropriated and retained hundreds of millions of dollars of sovereign funds at the expense of Venezuela. He then used the sovereign funds to purchase (through shell entities) the real properties which Casa Express seeks to execute. It would be inequitable and unjust to allow Gorrin, and his shell entities, to retain the Venezuelan misappropriated funds (or the properties that he purchased with those funds).[6]

*Id.*, p. 14-15.

Lastly, the Proposed Amendment seeks to add Diaz's full name in Page 1 of the Motion to Commence Proceeding Supplementary:

> Casa Express also moves for entry of an order impleading the following individuals and entities as defendants in this matter, and for the issuance of statutory Notices to Appear: Alejandro Andrade Cedeno ("Andrade"), Claudia Patricia Diaz Guillen ("Diaz"), Raul Gorrin Belisario ("Gorrin") . . . .

*Id.*, at p. 1. And it seeks to strike Diaz's full name from paragraph 19 of the Statement of Facts:

> 19. When Andrade stepped down as National Treasurer, he introduced Gorrin to his successor, ~~Claudia Patricia~~ Diaz ~~Guillen ("Diaz")~~, to ensure that the illicit foreign currency exchange scheme continued, undeterred. . . .

*Id.*, at ¶ 19.

For the foregoing reasons, the Court should grant leave to amend by interlineation because the Proposed Amendment would not be futile and there is no other substantial justification to deny the amendment.

---

[6] The last three paragraphs of this section describe Diaz's participation in the foreign currency exchange scheme. And also provide a thorough explanation on how the scheme unjustly enriched its participants (Diaz, Andrade, and Gorrin) at the expense of Venezuela.

**WHEREFORE,** Plaintiff and Judgment Creditor Casa Express Corp, as Trustee of Casa Express Trust, respectfully requests that the Court enter an Order granting leave to amend by interlineation in the form proposed by (Ex. A), and granting such other and further relief that this Court deems proper and just.

### Local Rule 7.1(a)(3) Certification

Pursuant to Local Rule 7.1, undersigned counsel certifies that he conferred with counsel for Impleaded Defendants, Planet 2 Reaching Inc., Posh 8 Dynamic Inc., RIM Group Investments Corp., RIM Group Investments I Corp., RIM Group Investments II Corp., RIM Group Investments III Corp., in good faith to resolve by agreement the issues raised in this Motion. Counsel to Impleaded Defendants advised that they object to the relief sought by this Motion.

Dated: June 7, 2022                                    Respectfully submitted,

                                              **GAMARDO, P.A.**
                                              1200 Brickell Avenue, Suite 750
                                              Miami, Florida 33131
                                              Tel: (305)542-6626

                                              /s/ *Andres Gamardo*
                                              Andres Gamardo, Esq.
                                              Florida Bar No.: 1021165
                                              Email: agamardo@gamardolaw.com
                                              *Attorney for Casa Express Corp, as Trustee*
                                              *of Casa Express Trust*

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 7, 2022, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system.

By: /s/ *Andres Gamardo*
Andres Gamardo, Esq.
