UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 21-23103-MC-BLOOM/OTAZO-REYES

CASA EXPRESS CORP. as Trustee of
CASA EXPRESS TRUST,

    Judgment Creditor,

v.

BOLIVARIAN REPUBLIC OF
VENEZUELA,

    Judgment Debtor.
_____/

CASA EXPRESS CORP. as Trustee of
CASA EXPRESS TRUST,

    Plaintiff,

v.

RAUL GORRIN BELISARIO, et al.,

    Impleaded Defendants.
_____/

## ORDER RE: D.E. 42

THIS CAUSE came before the Court upon Plaintiff/Judgment Creditor Casa Express Corp. as Trustee of Casa Express Trust's ("Casa Express") Motion for Leave to Amend by Interlineation the *Ex Parte* Expedited Motion to Commence Proceedings Supplementary, to Implead Defendants, and for Issuance of Statutory Notices to Appear (hereafter, "Motion to Amend") [D.E. 42]. This matter was referred to the undersigned by the Honorable Beth Bloom [D.E. 46, 58]. The undersigned held a hearing on this matter on August 16, 2022 (hereafter, "Hearing") [D.E. 56]. For the reasons stated below, Casa Express' Motion to Amend is GRANTED.

## PROCEDURAL BACKGROUND

Casa Express commenced this action on August 27, 2021, by registering an Amended Final Judgment issued by the Southern District of New York against Judgment Debtor Bolivarian Republic of Venezuela ("Venezuela") [D.E. 1].[1]

On September 10, 2021, Casa Express filed its *Ex Parte* Expedited Motion to Commence Proceedings Supplementary, to Implead Defendants, and for Issuance of Statutory Notices to Appear ("Motion for Proceedings Supplementary") [D.E. 3], which was granted on September 14, 2021 [D.E. 4].

On September 15 and 16, 2021, the Court issued Statutory Notices to Appear directed at Alejandro Andrade Cedeno ("Andrade"), Raul Gorrin Belisario ("Gorrin"), RIM Group Investments Corp., RIM Group Investments I Corp., RIM Group Investments II Corp., RIM Group Investments III Corp., Posh 8 Dynamic Inc., and Planet 2 Reaching Inc., advising them that Casa Express is seeking to satisfy the Amended Final Judgment in proceedings supplementary pursuant to Fla. Stat. § 56.29 by executing on the following properties variously titled in their names: 144 Isla Dorada Boulevard, Coral Gables, Florida 33143; 4100 Salzedo Street, Unit 1010, Coral Gables, Florida 33146; 4100 Salzedo Street, Unit 608, Coral Gables, Florida 33146; 4100 Salzedo Street, Unit 807, Coral Gables, Florida 33146; 4100 Salzedo Street, Unit 813, Coral Gables, Florida 33146; 4100 Salzedo Street, Unit 913, Coral Gables, Florida 33146; 18555 Collins Avenue, Unit 4401, Sunny lsles Beach, Florida 33160; and 7043 Fisher Island Dr., Unit 7043, Fisher Island, Florida 33109 (together, the "Properties") [D.E. 6-13, 15].[2]

---

[1] Casa Express has undertaken service on Venezuela via diplomatic channels [D.E. 38-41] but there has been no appearance in this action by the Judgment Debtor to date.
[2] A Clerk's Default has been entered as to Andrade [D.E. 25]. Gorrin's Statutory Notice to Appear was sent to the Florida Department of State [D.E. 15] but there is no acknowledgment of service reflected on the record.

On November 4, 2021, RIM Group Investments Corp., RIM Group Investments I Corp., RIM Group Investments II Corp., RIM Group Investments III Corp., Posh 8 Dynamic Inc., and Planet 2 Reaching Inc. (the "Responding Defendants") filed their Opposition to Casa Express' Motion for Proceedings Supplementary [D.E. 33]. Therein, the Responding Defendants present various arguments for retroactive denial of the Motion for Proceedings Supplementary, the more salient of which are noted below. Initially, the Responding Defendants challenge Casa Express' contention that the Properties actually belong to Venezuela and that a constructive trust should be imposed on them to satisfy the Amended Final Judgment against Venezuela, arguing that such a constructive trust may not be imposed because Venezuela's attachment and execution sovereign immunity applies to the Properties. The Responding Defendants also argue that, because the U.S. Treasury Department's Office of Foreign Assets Control ("OFAC") has designated the Properties as blocked assets, any judicial process related to them is null and void absent a license from OFAC, which Casa Express acknowledges it has not yet obtained. The Responding Defendants also argue that Casa Express lacks standing to sue them on behalf of Venezuela under its theory that the Properties were obtained with proceeds from a corrupt scheme involving Venezuela's foreign currency exchange transactions.

On November 11, 2021, Casa Express filed its Reply to the Responding Defendants' Opposition, arguing that it was procedurally flawed given that the Court had previously granted the Motion for Proceedings Supplementary [D.E. 37].

On June 7, 2022, Casa Express filed the instant Motion to Amend seeking leave to amend the Motion for Proceedings Supplementary for the following three purposes:

(1) To add jurisdictional allegations with respect to Gorrin, in order to perfect service on him via the Florida Secretary of State.

(2) To implead former National Treasurer of Venezuela Claudia Patricia Diaz Guillen ("Diaz"), who was recently extradited to the United States from Spain, and who Casa Express claims was a key participant in the alleged corrupt foreign currency exchange scheme underlying Casa Express' proceedings supplementary theory of execution on the Amended Final Judgment.

(3) To supplement the allegations regarding the purportedly corrupt foreign currency exchange scheme underlying Casa Express' proceedings supplementary theory of execution on the Amended Final Judgment.

See Motion to Amend [D.E. 42 at 2].

On July 5, 2022, the Responding Defendants filed their Opposition to Casa Express' Motion to Amend [D.E. 45]. The Responding Defendants initially argue that the Motion to Amend should be denied because neither the Motion for Proceedings Supplementary nor the proposed amended submission constitute pleadings, thereby rendering Rule 15(a) of the Federal Rules of Civil Procedure ("Rule 15(a)") inapplicable. The Responding Defendants further argue that, assuming Rule 15(a) does apply, the amendments sought by Casa Express are futile because: the Properties have been designated as blocked assets by OFAC; Casa Express lacks standing to create the constructive trust it seeks to impose on the Properties on behalf of Venezuela; and the action is barred by Venezuela's sovereign immunity and the act of state doctrine. The undersigned notes that some of these arguments parallel those presented by the Responding Defendants in their Opposition to Casa Express' Motion for Proceedings Supplementary.

## **APPLICABILITY OF RULE 15(a) AND STANDARDS**

The Responding Defendants' initial argument lacks merit because it contravenes the Court's earlier determination in this case with respect to the Motion for Proceedings Supplementary when it addressed Casa Express' request to serve Venezuela via diplomatic channels:

> In this post-judgment supplementary proceeding, there is no "complaint" and a summons has not been issued to Venezuela. It is well-established that the motion

> to commence proceedings supplementary, albeit not a complaint, is considered the "initial pleading" in post-judgment actions. *See, e.g., GS2 Corp. v. Bellemead Marina Del Rey Corp.*, No. CV 17-22303-CIV, 2018 WL 1859345, at *2 (S.D. Fla. Jan. 5, 2018). Therefore, service of the [Motion for Proceedings Supplementary] shall be considered the equivalent of a complaint for purposes of effecting service on Venezuela through diplomatic channels. . . .Venezuela shall have sixty days after service has been effected to file an answer or other responsive pleading to the [Motion for Proceedings Supplementary].

<u>See</u> Order on Motion for Authorization to Serve Judgment Debtor Bolivarian Republic of Venezuela via Diplomatic Channels [D.E. 38 at 2-3].

By virtue of the foregoing ruling in this case, the undersigned deems the Motion for Proceedings Supplementary to constitute "the equivalent of a complaint" and concludes that Rule 15(a) does apply to Casa Express' Motion to Amend.

Rule 15(a), which governs amended and supplemental pleadings, provides that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The factors to consider when deciding whether to grant leave to amend under Rule 15(a) are: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment". <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962). As noted above, the Responding Defendants argue that, should application of Rule 15(a) to the Motion to Amend be deemed proper, Casa Express' proposed amendments to its Motion for Proceedings Supplementary are futile; hence, the Motion to Amend should be denied. <u>See</u> Opposition to Casa Express' Motion to Amend [D.E. 45 at 7]. The undersigned addresses the Responding Defendants' futility arguments below.

## **FUTILITY ARGUMENTS**

1. *OFAC's designation of the Properties as blocked assets.*

The Responding Defendants' first futility argument is that, because the Properties have been designated as blocked assets by OFAC, any judicial process related to them is null and void. The parties agree that the Properties have been blocked by OFAC pursuant to the International Emergency Economic Powers Act ("IEEPA"), 50 U.S.C. § 1701 *et seq*. Pursuant to IEEPA, "any attachment, judgment, decree, lien, execution, garnishment, or other judicial process is null and void with respect to" blocked assets, unless licensed by OFAC. See 31 C.F.R. § 591.202(a) & (e); see also 31 C.F.R. § 501.201 (regulations pertaining to Venezuelan assets). However, as argued by Casa Express, the Motion to Amend does not implicate any such judicial process at this stage. Rather, it seeks to add allegations to the Motion for Proceedings Supplementary that has been already granted by the Court. Therefore, the undersigned concludes that the Responding Defendants' "null and void" argument is premature and insufficient to establish that the proposed amendments to the Motion for Proceedings Supplementary are futile at this juncture.

2. *Casa Express' standing.*

The Responding Defendants' second futility argument is that Casa Express lacks standing to create the constructive trust it seeks to impose on the Properties on behalf of Venezuela. The Responding Defendants have already made this argument in their Opposition to Casa Express' Motion for Proceedings Supplementary, and nothing in the proposed amendments impacts those arguments. Therefore, the undersigned finds that the standing issue is best addressed in the context of the sufficiency of Casa Express' updated Motion for Proceedings Supplementary.

### 3. *Venezuela's sovereign immunity.*

The Responding Defendants' third futility argument is that Casa Express' action is barred by Venezuela's sovereign immunity.  Specifically, the Responding Defendants argue that Casa Express cannot satisfy the "commercial use" exception to Venezuela's immunity from attachment of its assets.  Like the ones discussed above, this argument is premature.  At this point in the proceedings, Casa Express merely seeks to amend its Motion for Proceedings Supplementary, not to attach any property of Venezuela.  Therefore, this argument is also insufficient to establish that the proposed amendments to the Motion for Proceedings Supplementary are futile at this juncture.

### 4. *The act of state doctrine.*

The Responding Defendants' final futility argument is that Casa Express' action is barred by the act of state doctrine.  As explained by the United States Supreme Court in <u>W.S. Kirkpatrick & Co., Inc. v. Environmental Tectonics Corp., Intern.</u>, 493 U.S. 400 (1990), the act of state doctrine only applies when "the relief sought or the defense interposed would [require] a court in the United States to declare invalid the official act of a foreign sovereign performed within its own territory." <u>Id.</u> at 405.  The Responding Defendants argue that, in this action, Casa Express "seeks to prove that Venezuelan government foreign currency exchange contracts undertaken within its territory by Venezuelan government officials at the highest level are invalid."  <u>See</u> Opposition to Casa Express' Motion to Amend [D.E. 45 at 15-16].  However, as argued by Casa Express at the August 16th Hearing, the scope of this action does not extend to invalidating Venezuela's foreign currency exchange transaction but is limited to seeking a factual finding that those high-level government officials corruptly benefited from the transactions.  In any event, like the Responding Defendants' other futility arguments, this last one falls short of establishing that Casa Express' proposed amendments to the Motion for Proceedings Supplementary are futile at this juncture.

**CONCLUSION**

Based on the foregoing considerations, it is

ORDERED AND ADJUDGED that Casa Express' Motion to Amend [D.E. 42] is GRANTED. Pursuant to S.D. Fla. L.R. 15.1, Casa Express SHALL SEPARATELY FILE its proposed Amended Motion for Proceedings Supplementary [D.E. 42-1] *instanter*.

DONE AND ORDERED in Chambers at Miami, Florida this 2nd day of September, 2022.

ALICIA M. OTAZO-REYES
UNITED STATES MAGISTRATE JUDGE

cc: United States District Judge Beth Bloom
Counsel of Record