UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-mc-23103-BLOOM

CASA EXPRESS CORP, as Trustee of
CASA EXPRESS TRUST,

    Judgment Creditor,

v.

BOLIVARIAN REPUBLIC OF
VENEZUELA,

    Judgment Debtor.

_____/

**PLAINTIFF AND JUDGMENT CREDITOR'S MOTION FOR PARTIAL
MODIFICATION, AND CLARIFICATION OF ORDER GRANTING AMENDED
MOTION TO COMMENCE PROCEEDINGS SUPPLEMENTARY [ECF NO. 62]**

    Plaintiff and Judgment Creditor Casa Express Corp, as Trustee of Casa Express Trust ("Casa Express"), respectfully moves for partial modification and clarification of the Court's Order [ECF No. 62] granting the *Ex Parte* Expedited Motion to Commence Proceedings Supplementary, to Implead Defendants, and for Issuance of Statutory Notices to Appear [ECF No. 60] (the "Amended Pleading"), and states as follows:

**INTRODUCTION**

    On June 7, 2022, Casa Express moved for leave to amend its initial pleading by interlineation. [ECF No. 42]. After hearing argument of counsel, the Court correctly granted the motion for leave to amend by interlineation and ordered Casa Express to separately file the Amended Pleading in accordance with S.D. Fla. L. R. 15.1. [ECF No. 59] at 8. That same day, Casa Express filed the Amended Pleading and, at that point, it became the operative pleading in this proceeding.

1

Casa Express also filed a proposed statutory notice to appear for Claudia Patricia Diaz Guillen ("Diaz") [ECF No. 61-1], the only party who was impleaded to this proceeding via the Amended Pleading.

On September 7, 2022, the Court granted the Amended Pleading. The Order [ECF No. 62] appears to require Casa Express to serve each Impleaded Defendant with the Amended Pleading and the recently issued Notices to Appear [ECF Nos. 63-72], including those who have already been served with process.

Casa Express respectfully requests that the Court reconsider and partially modify the Order to only require service of the Impleaded Defendants who have not been served with process—Diaz and Raul Gorrin Belisario ("Gorrin"). Casa Express also respectfully requests that the Court further modify the Order to provide the other Impleaded Defendants and the Judgment Debtor, the Bolivarian Republic of Venezuela ("Venezuela"), an opportunity to respond to the allegations that have been incorporated via interlineation within 7 business day from entry of the partially modified Order.

Alternatively, if the Court denies this Motion, Casa Express requests clarification as to whether Venezuela must also be re-served with the Amended Pleading.

## LEGAL MEMORANDUM

I. **The Court should partially modify the Order to only require service on the Impleaded Defendants who have not been served with process or otherwise appeared in this proceeding.**

In a run-of-the-mill civil action, a plaintiff would not be required to re-serve a defendant, who has already been served with process or otherwise appeared in the proceeding, merely because it was granted leave to amend its original pleading. *See, e.g., Caribbean Yacht Works, Ltd. v. M/V "NEENAH Z"*, 410 F. Supp. 2d 1261, 1268 (S.D. Fla. Aug. 1, 2005) (Granting motion for leave to

amend and ordering the defendant to file a response to the amended pleading by a certain date); *Toliver v. Bank of Am., N.A.*, No. 3:12-CV-1006-J-TEM, 2013 WL 12161800, at *2 (M.D. Fla. June 10, 2013) (same); *Wright v. Logan*, No. 608CV1538ORL35GJK, 2010 WL 11507190, at *2 (M.D. Fla. Jan. 13, 2010) (same). The same principle should apply here.

Courts should liberally construe supplementary proceedings "to ensure that a judgment creditor receives the most complete relief possible." *Cuban Cigar Brands, N.V. v. Tabacalera Popular Cubana, Inc.*, No. 02-23124-CIV, 2008 WL 4279641, at *2 (S.D. Fla. Sept. 16, 2008) (internal quotations omitted).

Supplementary proceedings are intended to afford judgment creditors "a swift, summary disposition of issues through the relief of equitable remedies." *Mystique, Inc. v. 138 Int'l, Inc.*, No. 07-22937-CIV, 2010 WL 3008809, at *4 (S.D. Fla. July 28, 2010), *report and recommendation adopted*, No. 10-21421-CIV, 2010 WL 4316957 (S.D. Fla. Oct. 26, 2010) (internal quotation omitted). Certainly, requiring Casa Express to re-serve parties who have already been served with process, or have otherwise appeared in this proceeding, would undermine that objective.

The purpose of a statutory notice to appear is to implead third parties and to provide "them with an opportunity to raise their defenses and protect their interests consistent with the requirements of due process." *Mystique*, 2010 WL 3008809 at *4. But due process concerns are met if the third party defendants have actual notice of the proceeding and are afforded an opportunity to defend themselves. *See Stansell v. Lopez Bello*, 802 F. App'x 445, 449 (11th Cir. 2020) (holding that district court's failure to issue a notice to appear did not violate due process where third party had actual notice of proceedings supplementary and had an opportunity to contest the court findings).

### A. Actual Notice

Casa Express respectfully submits that the Court should not require re-service on Impleaded Defendants RIM Group Investments Corp., RIM Group Investments I Corp., RIM Group Investments II Corp., RIM Group Investments III Corp., Posh 8 Dynamic Inc., Planet 2 Reaching Inc. (collectively, the "Defendant Entities"), and Alejandro Andrade Cedeno ("Andrade") because they have actual notice of this proceeding.

#### i. Defendant Entities

The Defendant Entities have been litigating this action through counsel for nearly 11 months. [ECF No. 21]. They opposed the motion for leave to amend in a 16-page response brief. [ECF No. 45]. They attended nearly two hours of oral arguments in front of Magistrate Judge Otazo-Reyes regarding the Amended Pleading. [ECF No. 56]. And they have been in possession of the Amended Pleading for more than 100 days.[1]

Therefore, Casa Express respectfully requests that the Court partially modify the Order [ECF No. 62] ruling that Casa Express does not need to re-serve the Defendant Entities because they have actual notice of this proceeding.

#### ii. Alejandro Andrade Cedeno

Likewise, Andrade has actual notice of this proceeding. He was personally served with the original motion to commence proceedings supplementary [ECF No. 3] and his Notice to Appear [ECF No. 6]. *See* [ECF No. 20-1]. Yet he chose not to appear or defend this action.

On October 5, 2021, Casa Express moved for entry of a Clerk's Default against Andrade. [ECF No. 20]. On October 25, 2021, the Court correctly granted the motion directing the Clerk of

---

[1] The Amended Pleading was attached as Exhibit A (as a proposed amendment) to the motion for leave to amend by interlineation which was filed on June 7, 2022. [ECF No. 42-1]

4

the Court to issue a default against him. [ECF No. 24]. The next day, the Clerk entered a default against him. [ECF No. 25].

Rule 5 of the Federal Rules of Civil Procedure plainly provides that there is no obligation to re-serve a party in default with an amended pleading unless it "asserts a new claim for relief against such a party[.]" Fed. R. Civ. P. 5(a)(2).

Courts have routinely held that if the "changes to an amended [pleading] are not substantial, the plaintiff need not serve the amended [pleading] on a defaulted defendant." *HostLogic Zrt. v. GH Int'l, Inc.*, No. 613CV982ORL36KRS, 2013 WL 12394254, at *2 (M.D. Fla. Dec. 17, 2013). *See also Pointevint v. Dynamic Recovery Servs.,* Case No. 3:10-cv-700-J-12TEM, 2011 WL 201493, at *2 (M.D. Fla. Jan. 20, 2011) (entering clerk's default against defendant based on amended pleading that did not assert new claims against defendant and reasoning that, because defendant was in default when the amended pleading was filed, plaintiff was not required to serve amended pleading).

Here, the Amended Pleading does not assert a new claim for relief against Andrade. It merely clarifies the unjust enrichment claim, which was asserted in the original pleading, by more thoroughly alleging the elements of the claim. *Compare* [ECF No. 3] at p. 13 (explaining that Venezuela entrusted Andrade with the management of public funds; that he breached his fiduciary obligations by allowing Gorrin to misappropriate public funds in exchange for bribes; and that he was unjustly enriched at the expense of Venezuela); *id.*, at SOF ¶ 15 (explaining that Andrade accepted over $1 billion dollars in bribes in breach of his fiduciary obligations, and that he was unjustly enriched at the expense of Venezuela through the foreign currency exchange scheme); *with* [ECF No. 60] at 15 (explaining that "Venezuela conferred a benefit to Andrade" by appointing him as a National Treasurer, which charged him with the fiduciary responsibility to administer and

protect sovereign funds; that he "knowingly and voluntarily accepted that benefit"; that he breached his fiduciary duty to Venezuela by allowing Gorrin to misappropriate sovereign funds in exchange for bribes; and that it would be "inequitable and unjust" to allow the parties who participated in the scheme to retain the misappropriated Venezuelan funds or the properties that were purchased with those funds). This is not a substantial change.

For these reasons, Casa Express respectfully requests that the Court partially modify its Order [ECF No. 62] ruling that Casa Express does not have to re-serve Andrade because he is in default and the Amended Pleading does not assert a new claim for relief against him. *See HostLogic*, 2013 WL 12394254 at *2 (holding that Plaintiff did not have to serve the amended pleading on certain defaulted Defendants because it did "not include any new claims for relief against Defendants [but] merely clarifie[d] the allegations set forth in the original [pleading]").

### B. Opportunity to Defend Themselves

Casa Express respectfully requests that the Court further modify the Order [ECF No. 62] to afford the Defendant Entities, Andrade, and Venezuela an opportunity to respond to the allegations that have been incorporated via interlineation within 7 business days of entry of the partially modified order.

As the Eleventh Circuit Court of Appeals has explained:

> [T]he filing of an amended [pleading] does not automatically revive all defenses or objections that the defendant may have waived in response to the initial [pleading]. *See* 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1388 (3d ed. 2004) ("The filing of an amended [pleading] will not revive the right to present by motion defenses that were available but were not asserted in timely fashion prior to the amendment of the pleading."). However, the defendant will be allowed to plead anew in response to an amended [pleading], as if it were the initial [pleading], when the "amended [pleading] ... changes the theory or scope of the case." *Brown v. E.F. Hutton & Co.,* 610 F.Supp. 76, 78 (S.D.Fla.1985) (citing *Joseph Bancroft & Sons Co. v. M. Lowenstein & Sons,*

>*Inc.,* 50 F.R.D. 415 (D.Del.1970)). It simply would be unfair to allow the plaintiff to change the scope of the case without granting the defendant an opportunity to respond anew. *Id.*

*Krinsk v. SunTrust Banks, Inc.*, 654 F.3d 1194, 1202 (11th Cir. 2011).

Here, the Amended Pleading does not change the theory or the scope of the case. Indeed, the Amended Pleading is identical to the original motion to commence proceedings supplementary but for the limited allegations that were incorporated via interlineation. *Compare* [ECF No. 3]; *with* [ECF No. 60].

In response to the original motion to commence proceedings supplementary, the Defendant Entities filed a 33-page memorandum. [ECF No. 33]. Andrade defaulted for failure to file a response or otherwise appear in this case. [ECF No. 25]. And Venezuela, although not in default, failed to file an answer within the prescribed timeframe in violation of this Court's Order. [ECF No. 38].

Under the *Krinsk* jurisprudence, any defenses that were not asserted in a timely fashion in response to the original motion to commence proceedings supplementary have been waived because the Amended Pleading does not change the theory or the scope of the case. 654 F.3d at 1202.

Therefore, Casa Express respectfully requests that the Court partially modify the Order [ECF No. 62] to afford the Defendant Entities, Andrade, and Venezuela an opportunity to file a response limited to the allegations that have been incorporated via interlineation within 7 business days of entry of the partially modified order.

**II.     Alternatively, if this Motion is denied, Casa Express respectfully requests that the Court clarify whether it must re-serve Venezuela with the Amended Pleading.**

Just like Andrade and the Defendant Entities, Venezuela has actual knowledge of this proceeding. Casa Express served Venezuela with the original motion to commence proceedings

supplementary [ECF No. 3] and its summons [ECF No. 39] via diplomatic channels pursuant to 28 U.S.C. 1608(a)(4). *See, generally* [ECF No. 41]. Effecting service of process on Venezuela took nearly six months and cost roughly $3,000. But the Order does not address whether re-service on Venezuela would be required.

Casa Express respectfully submits that requiring re-service on Venezuela would unduly delay this action undermining the purpose of this supplementary proceeding. *See Mystique,* 2010 WL 3008809 at *4 (explaining that supplementary proceedings are intended to afford judgment creditors with "a swift, summary disposition of issues through the relief of equitable remedies").

Especially when Venezuela indisputably has actual notice of this proceeding. Indeed, Venezuela expressly authorized Casa Express to litigate this case on its behalf. [ECF Nos. 50-3; 50-4]. And it issued a letter to the U.S. Department of Treasury identifying this action by case caption and case number. [ECF No. 50-5].

Therefore, Casa Express respectfully requests that the Court partially modify the Order [ECF No. 62] ruling that Casa Express does not have to re-serve Venezuela and affording Venezuela an opportunity to respond to the allegations that were incorporated via interlineation within 7 business days of entry of the partially modified order.

**III.   Proposed Partial Modification**

The Order, in pertinent part, provides:

> 3. The Court shall separately issue Notices to Appear, in the form attached to the Judgment Creditor's Motion, ECF No. [60-29], and the additional Notice of Filing Statutory Notice to Appear, ECF No. [61-1], to implead the following Third-Party Defendants: Alejandro Andrade Cedeno, Raul Gorrin Belisario, RIM Group Investments Corp., RIM Group Investments I Corp., RIM Group Investments II Corp., RIM Group Investments III Corp., Posh 8 Dynamic Inc., Planet 2 Reaching Inc., and Claudia Patricia Diaz Guillen.

> 4. Third Party Defendants shall respond, within seven (7) business days of service of the Notices to Appear, stating why the property, debt, or other obligation should not be applied to satisfy the judgment in manner prescribed by Fla. Stat. § 56.29(2).

[ECF No. 62]. For the reasons discussed above, Casa Express respectfully requests that the Court partially modify the Order by incorporating the language underlined below:

> 3. The Court has separately issued Notices to Appear to Third-Party Defendants Raul Gorrin Belisario [ECF No. 76] and Claudia Patricia Diaz Guillen [ECF No. 73]. Casa Express shall serve these Notices to Appear in compliance with Chapter 48, Florida Statutes.[2]
>
> 4. Third Party Defendants Raul Gorrin Belisario and Claudia Patricia Diaz Guillen shall respond, within seven (7) business days of service of the Notices to Appear, stating why the property, debt, or other obligation should not be applied to satisfy the judgment in manner prescribed by Fla. Stat. § 56.29(2).
>
> 5. Third Party Defendants RIM Group Investments Corp., RIM Group Investments I Corp., RIM Group Investments II Corp., RIM Group Investments III Corp., Posh 8 Dynamic Inc., Planet 2 Reaching Inc., Alejandro Andrade Cedeño, and the Judgment Debtor, the Bolivarian Republic of Venezuela, shall respond, within seven (7) business days of entry of this Order, to the allegations that were incorporated via interlineation to the Motion.
>
> 6. Attorney's fees and costs shall be taxed to the Judgment Debtor, the Bolivarian Republic of Venezuela, pursuant to Fla. Stat. § 56.29(8).

*See* Ex. A Proposed Amended Order, at ¶¶ 4-6 (emphasis added).

## CONCLUSION

For the foregoing reasons, the Court should partially modify the Order to only require service on the Impleaded Defendants who have not been served with process or otherwise appeared in this proceeding (*i.e.,* Diaz and Gorrin). The Court should further modify the Order to afford

---

[2] Section 56.29(2) provides that Notices to Appear "must be served as provided for in chapter 48." § 56.29, Fla. Stat.

9

Andrade, the Defendant Entities, and Venezuela an opportunity to respond to the allegations that have been incorporated via interlineation.

Alternatively, if the Court denies this Motion, Casa Express requests that the Court clarify whether Venezuela must be re-served with process.

### Local Rule 7.1(a)(3) Certification

Pursuant to Local Rule 7.1, undersigned counsel certifies that he conferred with counsel to the Defendant Entities in good faith to resolve by agreement the issues raised in this Motion. Out of an abundance of caution, undersigned counsel and counsel to Defendant Entities agreed to extend any deadline arising from Order [ECF No. 62] that may be applicable to the Defendant Entities pending adjudication of this Motion. In addition, Counsel to Defendant Entities advised that they do not object to accepting service on the Defendant Entities to avoid re-service of the Notices to Appear. Counsel to Defendant Entities object to limiting their response to the Amended Pleading to the allegations that have been incorporated via interlineation. Counsel to Defendant Entities also advised that they need additional time to conduct research before they can take a position on whether Venezuela, as Judgment Debtor, should be re-served with the Amended Pleading.

Dated: September 16, 2022                                  Respectfully submitted,

                                                           **GAMARDO, P.A.**
                                                           1200 Brickell Avenue, Suite 750
                                                           Miami, Florida 33131
                                                           Tel: (305)542-6626

                                                           /s/ *Andres Gamardo*
                                                           Andres Gamardo, Esq.
                                                           Florida Bar No.: 1021165
                                                           Email: agamardo@gamardolaw.com
                                                           *Attorney for Casa Express Corp, as Trustee of Casa Express Trust*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 16, 2022, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system.

                                By: /s/ *Andres Gamardo*
                                      Andres Gamardo, Esq.